# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. BROWN JR.,<br>    14541 Schreiber Road.<br>    Maple Heights, OH 44137, | ) <br><br> ) | |
| Plaintiff, | ) | |
| -vs- | ) | **C O M P L A I N T** |
| | ) | Trial by Jury Endorsed Hereon |
| CITY OF BEDFORD,<br>    165 Center Road.<br>    Bedford, Ohio 44146, | ) <br><br> ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

1.      This is an action instituted, *inter alia,* under Title I of the Americans with Disabilities Act of 1990, as amended, the due process clause of the Fourteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1871, 42 U.S.C. §1983a, as amended (2018 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* (2018 Supp.) to vindicate state and federally protected rights against unlawful employment practices on the basis of disability discrimination and retaliation.

## JURISDICTION AND VENUE

1

2.     This present and continuing action is authorized and instituted pursuant to Title I of the Americans with Disabilities Act of 1990, as amended and authorized by 42 U.S.C. §§ 12111, et seq. (2018 Supp.) (hereinafter referred to as "Title I"), the Civil Rights Act of 1871, 42 U.S.C. §1983a, as amended (2018 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* (2018 Supp.).

3.     Supplemental federal jurisdiction is asserted over related state law claims pursuant to 28 U.S.C. § 1367.

4.     Plaintiff Robert Brown and Defendant City of Bedford, Ohio are persons situated in the State of Ohio and venue exists within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division, because all parties are located within Cuyahoga County, Ohio and because the unlawful employment practices alleged were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

5.     Plaintiff, Robert W. Brown Jr. is a disabled citizen of the United States who, at all relevant times, was employed by the Defendant City of Bedford, Ohio and seeks and has sought to perform his duties free from restrictions of disability discrimination and retaliation.

6.     Defendant, City of Bedford, is an "employer" as defined by Title I.

7.      At all relevant times, Defendant City of Bedford, Ohio has been and is now an employer engaged in an industry affecting commerce within the meaning of 42 U.S. C. §12111.

8.      Defendant City of Bedford, Ohio exercises governmental authority with respect to the acts, conduct policies and practices under color of state law.

## GENERAL ALLEGATIONS

9.      Plaintiff Robert Brown reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

10.     Plaintiff Robert Brown was hired by the Defendant City of Bedford, Ohio in November, 2006 as a building inspector.

11.     Plaintiff Robert Brown has secured, maintained and continues to maintain a variety of certifications relating to building and related inspections.

12.     Prior to working for Defendant City of Bedford, Ohio, Plaintiff Robert Brown suffered a severe injury to his neck and spine limiting the use of his hands.

13.     Plaintiff Robert Brown made Defendant City of Bedford, Ohio aware of his disability prior to his hiring in 2006.

14.     Plaintiff Robert Brown's disability made it difficult and often unbearable for him to type on a traditional keyboard.

15.     As part of his duties as building inspector, Plaintiff Robert Brown was required to type up reports on properties, daily inspection reports and issue written citations.

16.     Plaintiff Robert Brown was also required to hand-write rental inspection reports.

17.     Beginning in roughly 2012, Plaintiff Robert Brown began requesting a reasonable accommodation for his disability from the Defendant City of Bedford, Ohio as they continued to require him to write out reports because keyboard typing and hand-writing became even more physically difficult for him.

18.     Plaintiff Robert Brown requested the city provide him an IPAD and "talk-to" text software so that he would be able to complete reports without handwriting or typing on a traditional keyboard.

19.     Utilization of an IPAD and "talk-to" text would have been reasonable accommodations which would have resolved the disability limitations suffered by Plaintiff Robert Brown and would have increased efficiency for the Defendant City of Bedford, Ohio.

20.     Defendant City of Bedford, Ohio refused Plaintiff Robert Brown's requests and told him, instead, he could use a city-issued cellular phone which did not alleviate the limitations caused by his disability in the workplace.

21.     Plaintiff Robert Brown informed Defendant City of Bedford, Ohio that the city-issued cellular phone's "talk-to" text did not work and did not accommodate his disability.

22.     Defendant City of Bedford, Ohio informed Plaintiff Robert Brown it could not afford to purchase an IPAD or "talk-to" text service for him even though Defendant City of Bedford, Ohio had the funds to do so.

23.     The cost of Plaintiff Robert Brown's request for a reasonable accommodation is and has been well within the budget of the Defendant City of Bedford, Ohio.

24.     The pattern and practice of continuing to refuse to reasonably accommodate Plaintiff Robert Brown's disability has been and continues to be intentional.

25.     After years of requesting a reasonable accommodation by the Defendant City of Bedford, Ohio concerning his disability and after the City of Bedford, Ohio refused, Plaintiff Robert Brown, who had an exemplary work record with Defendant City of Bedford, Ohio, Plaintiff Robert Brown was wrongfully accused of using a city owned vehicle for personal use.

26.     Plaintiff Robert Brown was suspended from work for two (2) days on or about August 2, 2017.

27.     Defendant City of Bedford, Ohio intentionally retaliated against the Plaintiff Robert Brown by accusing and punishing Plaintiff due to his continued requests for a reasonable accommodation related to his disability.

28.     On or about August 3, 2017, after receiving his suspension, Plaintiff Robert Brown received a printed-out notice from Defendant City of Bedford, Ohio which contained the following notice:

The City of Willoughby has an opening for a full-time building inspector.  Please forward to anyone who would be interested.

29.     On or about August 4, 2017, Plaintiff Robert Brown was sent the same notice from the Defendant City of Bedford, Ohio via email.

30.     Defendant City of Bedford, Ohio only sent this notice to Plaintiff Robert Brown, and was well aware that he was not looking for a new job and did not send the notice to employees who were not disabled.

31.     After being suspended by Defendant City of Bedford, Ohio and being sent a humiliating email, Plaintiff Robert Brown filed a duel charge with the Ohio Civil Rights Commission and United States Equal Employment Opportunity Commission relating to disability discrimination and retaliation.

32.     In the months following Plaintiff Robert Brown's filing, he continued to ask for a reasonable accommodation related to his disability which was ignored by the Defendant City of Bedford, Ohio.

33.     On July 20, 2018, Plaintiff Robert Brown was told in reference to a scheduled July 23, 2018 meeting that Defendant City of Bedford, Ohio was charging him with "menacing" a Bedford resident.

34.    At the July 23, 2018 meeting, Plaintiff Robert Brown told his supervisor, Michael S. Mallis ("Mallis"), that he never menaced or harassed anyone.

35.    Mallis admitted to Plaintiff Robert Brown that he has known the accuser for a long time.

36.    On July 23, 2018, Defendant City of Bedford, Ohio accused Plaintiff Robert Brown of menacing because he filed charges with the Ohio Civil Rights Commission and the United States Equal Employment Opportunity Commission against Defendant City of Bedford, Ohio and summarily fired him.

37.    Defendant City of Bedford, Ohio provided no proper hearing or official right to be heard prior to discharging him.

38.    Plaintiff Robert Brown was fired because he had repeatedly requested a reasonable accommodation for his disability, was discriminated against and was retaliated against for engaging in a federally protected right in his dual-filing charges with the Ohio Civil Rights Commission and United States Equal Employment Opportunity Commission in charges against Defendant City of Bedford, Ohio.

39.    As a result of the acts and conduct of the Defendant City of Bedford, Ohio, Plaintiff Robert Brown's termination will result in the loss of substantial income, benefits and related losses.

40.    As a result of the acts and conduct of the Defendant City of Bedford, Ohio, Plaintiff Robert Brown's termination was resulted in substantial emotional and related injury due to the Defendant City of Bedford, Ohio's intentional discrimination

7

and intentional retaliation for which he has sought and continues to seek medical attention.

41.     Since the termination of Plaintiff Robert Brown, a member of the legislature of the City of Bedford, Ohio has informed citizens that Plaintiff "should not have filed charges against the City of Bedford" and implied that the charges were the cause of his discharge.

42.     On June 5, 2018, Plaintiff Robert Brown received a notice of right to sue from the United States Equal Employment Opportunity Commission which accompanies this complaint and is attached as Exhibit A.

43.     On August 17, 2018, Plaintiff Robert Brown filed a second charge with the United States Equal Employment Opportunity Commission relative to the retaliatory discharge.  The additional notice of right to sue will be filed with this Court upon issuance and amendment.

44. The acts and conduct of Defendant City of Bedford, Ohio have been intentional, malicious and in wanton and reckless disregard of Plaintiff Robert Brown's federally secured rights and related state law rights.

## COUNT I
[Violations of 42 U.S.C. §§ 12111, *et seq.*]

45.     Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

46.     Plaintiff has worked for Defendant since 2006.

8

47.     Plaintiff began requesting an accommodation for his disability in roughly 2012.

48.     Plaintiff's disability was not accommodated by Defendant.

49.     Plaintiff was retaliated against for requesting an accommodation.

50.     Plaintiff was retaliated against for filing an OCRC and EEOC charge.

51.     Plaintiff's employment was terminated because he requested an accommodation for his disability and because he filed an OCRC and EEOC charge against Defendant.

52.     Plaintiff has sustained emotional distress because of Defendant's discriminatory practices.

53.     Plaintiff has been damaged by Defendant terminating his position due to his disability and in retaliation for his filing of OCRC and EEOC charges.

## COUNT II
[Violations of Ohio Revised Code §§ 4112.01, *et seq.*]

54.     Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

55.     Plaintiff has worked for Defendant since 2006.

56.     Plaintiff began requesting an accommodation for his disability in roughly 2012.

57.     Plaintiff's disability was not accommodated by Defendant.

58.     Plaintiff was retaliated against for requesting an accommodation.

59.     Plaintiff was retaliated against for filing an OCRC and EEOC charge.

60.     Plaintiff's employment was terminated because he requested an accommodation for his disability and because he filed an OCRC and EEOC charge against Defendant.

61.     Plaintiff has sustained substantial physical injury, substantial emotional distress and substantial loss because of Defendant City of Bedford, Ohio's intentional discriminatory and intentional retaliatory practices.

62.     Plaintiff has been damaged by Defendant terminating his position due to discrimination based on his disability and in retaliation for his filing of OCRC and EEOC charges and the exercise of federally secured and state law rights.

## COUNT III
[Violations of the Due Process Clause of the Fourteenth Amendment]

63.     Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

64.     Plaintiff has worked for Defendant since 2006.

65.     Plaintiff began requesting an accommodation for his disability in roughly 2012.

66.     Plaintiff's disability was not accommodated by Defendant.

67.     Plaintiff was retaliated against for requesting an accommodation.

68.     Plaintiff was retaliated against for filing an OCRC and EEOC charge.

69.    Plaintiff's employment was terminated because he requested an accommodation for his disability and because he filed an OCRC and EEOC charge against Defendant.

70.    Plaintiff was terminated without being given a proper hearing and without an opportunity to defend himself.

71.    Plaintiff's due process rights were violated by Defendant.

72.    Plaintiff has sustained substantial physical injury, substantial emotional distress and substantial loss because of Defendant City of Bedford, Ohio's intentional violations of his right to a fair hearing and an opportunity to be heard..

73.    Plaintiff has been damaged by Defendant's terminating his position in violation of his rights under the Fourteenth Amendment to the Constitution of the United States.

## COUNT IV
[Violations of the Civil Rights Act of 1871, 42 U.S.C. §1983]

74.    Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

75.    Plaintiff has worked for Defendant since 2006.

76.    Plaintiff began requesting an accommodation for his disability in roughly 2012.

77.    Plaintiff's disability was not accommodated by Defendant.

78.    Plaintiff was retaliated against for requesting an accommodation.

11

79.    Plaintiff was retaliated against for filing an OCRC and EEOC charge.

80.    Plaintiff's employment was terminated because he requested an accommodation for his disability and because he filed an OCRC and EEOC charge against Defendant.

81.    Plaintiff was terminated without being given a proper hearing and without an opportunity to defend himself.

82.    Plaintiff's due process rights were violated by Defendant.

83.    Plaintiff has sustained substantial physical injury, substantial emotional distress and substantial loss because of Defendant City of Bedford, Ohio's intentional violations of his right to a fair hearing and an opportunity to be heard.

84.    Plaintiff has been damaged by Defendant's terminating his position in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

WHEREFORE, plaintiff respectfully requests the Court to grant the following relief:

A.    Declare that the acts and conduct of the Defendant constitute violations of Title I of the Americans with Disabilities Act of 1990, as amended, the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.*, The Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

B.    Grant a permanent injunction enjoining Defendant, its officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in any employment practices which discriminate on the basis of a person's disability, and further enjoin any acts or conduct which has the purpose

or effect of retaliating against the Plaintiff for asserting rights against discrimination based on his disability;

       C.    Order Defendant to institute and to otherwise carry out policies, practices and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of its past and present unlawful employment practices;

       D.    Order Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest and for other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

       E.    Grant to Plaintiff appropriate compensatory damages;

       F.    Grant to the Plaintiff reasonable attorney fees and costs as provided by statute;

       G.    Grant such further relief as the Court deems necessary and proper and in the public interest.

/s/ Jared S. Klebanow
JARED S. KLEBANOW (0092018)
KLEBANOW LAW, LLC
850 Euclid Ave. Ste. 701
Cleveland, Ohio 44114
T: 216-621-8230
jklebanow@klebanowlaw.com

/s/ Avery Friedman
AVERY FRIEDMAN (0006103)
AVERY FRIEDMAN & ASSOCIATES
850 Euclid Ave. Ste. 701
Cleveland, Ohio 44114-3358
T: (216) 621-9282
F: (216) 621-9283
avery@lawfriedman.com
fairhousing@gmail.com

*Attorneys for Plaintiff Robert W. Brown, Jr.*

## **TRIAL BY JURY DEMANDED**

Plaintiff, Robert W. Brown, Jr., hereby demands trial by jury.

_/s/ Avery Friedman_
Avery Friedman

14

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert W. Brown, Jr.<br>14541 Schreiber Road<br>Maple Heights, OH 44137 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2017-03372 | Jeremy A. Sells,<br>State & Local Coordinator | (317) 226-7221 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| X | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*

June 5, 2018

**Michelle Eisele,**
**District Director**

(Date Mailed)

Enclosures(s)

cc:  **HR DIRECTOR**
**CITY OF BEDFORD**
**165 Center Road**
**Bedford, OH 44146**